UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>SVYATOSLAV BONDARENKO, et al.,<br><br>Defendant(s). | Case No. 2:17-CR-306 JCM (VCF)<br><br>ORDER |

Pending before the court is petitioner Arnaldo Sanchez Torteya's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. 2255. (ECF No. 1056). The government filed a response. (ECF No. 1058). Torteya filed a reply (ECF No. 1065) but also moved this court for a copy of the government's response (ECF No. 1059), informing the court that his reply was filed without having access to the government's response. Torteya thereafter moved for an extension of time to file another reply. (ECF No. 1066).

**I.     Background**

On January 15, 2021, Torteya pled guilty to conspiracy to engage in a racketeer-influenced corrupt organization, a violation of 18 U.S.C. §§ 1962(d) and 1963. (ECF No. 772). Torteya's plea was entered pursuant to a binding plea agreement, which bound the court to sentence him to no more than 96 months imprisonment if the court accepted his guilty plea. (ECF No. 777, at 18). In his plea agreement, Torteya waived the "right to appeal any sentence imposed within or below the applicable Sentencing Guideline range," and the right to bring "collateral challenges, including any claims under 28 U.S.C. § 2255, to his…sentence…except non-waivable claims of ineffective assistance of counsel." (*Id.* at 21).

**James C. Mahan**
**U.S. District Judge**

1    This court sentenced Torteya in June of 2021 to 96 months imprisonment. (ECF No. 864). Shortly thereafter, he appealed his sentence. (ECF No. 869). The Ninth Circuit dismissed his appeal after holding that he had waived his right to appeal his conviction and sentence. (ECF Nos. 1025; 1029). Changing tactics, Torteya now asks this court to vacate his sentence under 28 U.S.C. 2255, arguing ineffective assistance of counsel.

**II.     Discussion**

In his *pro se* motion, Torteya argues that his prior counsel was defective because counsel (1) did not argue for a *Smith* variance due to Torteya's status as a deportable alien, (2) did not make a similar argument under the Equal Protection Clause, (3) did not move for a guidelines departure by arguing that Torteya suffered harsh conditions while imprisoned in Mexico, (4) did not argue that a 96-month sentence was not warranted under the 18 U.S.C. 3553 sentencing factors, and (5) "underestimated" the sentence Torteya would receive by pleading guilty. (*See generally* ECF No. 1056). He therefore asks this court to vacate his sentence under Section 2255. (*Id.* at 32).

Federal prisoners may petition the court "to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States…." 28 U.S.C. § 2255(a). Petitioners may challenge their sentence by claiming ineffective assistance of counsel on a Section 2255 motion. *United States v. Jackson*, 21 F.4th 1205, 1212 (9th Cir. 2022).

But a defendant may waive his right to collaterally challenge his sentence under Section 2255. *See United States v. Abarca*, 985 F.2d 1012, 1013–14 (9th Cir.1993). Such a waiver is enforceable if "(1) the language of the waiver encompasses the defendant's right to [challenge] on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Rodriguez*, 49 F.4th 1205, 1212 (9th Cir. 2022) (cleaned up) (citations omitted). The court assesses the knowing and voluntary nature of the waiver by "assessing the knowing and voluntary nature of the plea agreement as a whole." *Id.*

**James C. Mahan**
**U.S. District Judge**

Because waivers must be knowing and voluntary, it follows that a defendant cannot waive a claim that ineffective counsel rendered the waiver *itself* invalid. *See Rodrguez*, 49 F.4th at 1212.[1] However, claims based on ineffective assistance of counsel that do not relate to the validity of the waiver itself *are* waivable. *See United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).[2]

Plea agreements are contractual in nature, courts generally interpret them based on contract principles, and "their plain language will generally be enforced if the agreement is clear and unambiguous on its face." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir.2005) (overruled on other grounds). "The government, as the drafter of [the] plea agreement, is responsible for any lack of clarity such that ambiguities are construed in favor of the defendant." *Davies v. Benov*, 856 F.3d 1243, 1247 (9th Cir. 2017) (citations omitted).

By the plain language of the plea agreement, Torteya waived the right to challenge his sentence under Section 2255, including "the procedure by which the Court adjudicated guilt and imposed sentence," excepting only "*nonwaivable* claims of ineffective assistance of counsel." (ECF No. at 777, at 21) (emphasis added). It appears that Torteya is attempting to circumvent this waiver by styling his petition as one for ineffective assistance of counsel when he is, in actuality, attempting to challenge the "procedure by which the Court…imposed sentence."

Torteya reserved only the right to bring "nonwaivable" claims for ineffective assistance of counsel. His claims here do not qualify. As the court explained, a claim for ineffective assistance of counsel *as to sentencing proceedings* is waivable, whereas claims for ineffective assistance *as to the waiver itself* are nonwaivable. Torteya can therefore bring only claims that his former

---

[1] The Ninth Circuit held that a plea agreement could not waive the defendant's claim that his counsel dissuaded him from withdrawing his plea and failed to inform him of the likely immigration consequences of his plea. *Rodrguez*, 49 F.4th at 1212.

[2] In dicta, the Ninth Circuit noted that while a plea agreement may not waive ineffective assistance of counsel based on "counsel's unprofessional inducement of the defendant to plead guilty," that was not necessarily true if the defendant's claim related "only to counsel's alleged mishandling of the sentencing proceedings" and not the plea agreement. *Pruitt*, 32 F.3d at 433. Other courts in this circuit have similarly interpreted *Pruitt*. *See generally Macias-Robles v. United States*, No. 06:CV-1344-JM, 2008 WL 1886038, at *3 (S.D. Cal. Apr. 25, 2008); *Kinney v. United States*, No. CR:10-796-PHX-NVW, 2014 WL 2890113, at *5 (D. Ariz. Feb. 7, 2014), report and recommendation adopted, No. CR-11-00491-PHX-NVW, 2014 WL 2895429 (D. Ariz. June 26, 2014).

**James C. Mahan**
**U.S. District Judge**

counsel's ineffective assistance invalidated the plea agreement itself—he waived his right to claim that his former counsel was ineffective during sentencing proceedings.

Torteya's claims all relate to his former counsel's alleged mishandling of the sentencing proceedings. Even his vague and conclusory allegation that his former counsel "underestimated" the ultimate sentence he would receive is not related to the validity of the plea agreement itself or the knowing and voluntary nature of his waiver. The court must therefore deny Torteya's motion as barred by the waiver in his plea agreement.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Torteya's motion to vacate, set aside, or correct his sentence under 28 U.S.C. 2255 (ECF No. 1056) be, and the same hereby is, DENIED. Accordingly, his motions at ECF Nos. 1059 and 1066 are DENIED as moot.

DATED February 5, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -